IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-134 |
| | ) | |
| 8.37 ACRES OF LAND, OWNED BY | ) | |
|  FRANK H. TERRY, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MOUNTAIN VALLEY PIPELINE, LLC'S
### SECOND PROPOSED JURY INSTRUCTIONS

Plaintiff, Mountain Valley Pipeline, LLC ("MVP"), by counsel, submits the

attached proposed jury instructions.  MVP reserves the right to submit supplemental or

amended jury instructions based on developments in the case between now and the

conclusion of trial.

Respectfully submitted,

MOUNTAIN VALLEY PIPELINE, LLC

By Counsel

Abingdon: 1158266-1

Wade W. Massie
 VSB No. 16616
Seth M. Land
 VSB No. 75101
PENN, STUART & ESKRIDGE
P. O. Box 2288
Abingdon, VA  24212
Telephone:  276-628-5151
Facsimile:  276-628-5621
wmassie@pennstuart.com
sland@pennstuart.com

By  */s/ Wade W. Massie*
 Wade W. Massie


## CERTIFICATE OF SERVICE

I hereby certify that, on this 9th day of August, 2021, the foregoing document was

electronically filed with the Clerk of the Court using the CM/ECF system, which will

send notification of such filing to counsel of record.

*/s/ Wade W. Massie*
Wade W. Massie

**Instruction No. 1**

Members of the jury, now that you have heard the evidence, it is my duty to give you the instructions as to the law applicable to this case. The lawyers will then have the opportunity to present their closing arguments.

These instructions are roughly divided into three parts. First, I will talk with you about some general principles of the law. Second, I will discuss with you instructions that apply to the claims in this case. Third, after you hear closing arguments, I will have some remarks about your deliberations in this matter. Following these instructions, you will begin your discussions, sometimes called deliberations, and continue until you reach a verdict, which must be a unanimous verdict. Let me begin with some general principles.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 1.

**Instruction No. 2**

The instructions that I gave you at the beginning of the trial and during the trial remain in effect. You must, of course, continue to follow my earlier instructions as well as those that I give you now. You must not single out some instructions and ignore others, but must consider the instructions as a whole. I will send a copy of these instructions with you for your deliberations.

It is your duty as jurors to determine from the evidence what the facts are. You will then apply the law as I explain it to you to those facts.  You must follow my instructions on the law even if you believe the law is different or should be different.  Do not allow sympathy, bias, or prejudice to influence you.  The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. The parties, the public, and the court expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the court, and reach a just verdict regardless of the consequence.

The parties, whether individuals or a company, stand equal before the law and must be dealt with as equals in a court of justice.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case or what that opinion is. Likewise, the actions which I have taken during the trial in ruling on motions or objections, in comments to the lawyers, or in questions to the witnesses, are not to be taken by you of any indication by me as to how you should decide the facts. Testimony and exhibits may be admitted into evidence only if they meet certain criteria or standards. It is the lawyer's duty to object

when the other side offers testimony or an exhibit that the lawyer believes is not properly admissible under the rules of law. Only by offering an objection can a lawyer request and obtain a ruling from me on the admissibility of evidence being offered by the other side. You should not be influenced against any lawyer or the lawyer's client because the lawyer has made objections. Do not attempt to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Even if you think I have an opinion as to the facts, you should entirely disregard it. It is not my function to determine the facts. Instead, you are the sole judges of the facts in the case.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 2.

## Instruction No. 3

Because this is a condemnation action, the Terrys have the burden of proving the amount of just compensation by the greater weight of the evidence, also known as the preponderance of the evidence.

To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. That means the Terrys have to produce evidence which, considered in the light of all the facts, leads you to believe that what they claim is more likely true than not. To put it differently, if you were to put the Terrys' and Mountain Valley Pipeline's evidence on opposite sides of the scales, the Terrys' evidence would have to make the scales tip somewhat on their side. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a fact is more likely so than not so. The weight does not necessarily depend upon the number of witnesses who testify. The testimony of one witness whom you believe can be the greater weight of the evidence.

In determining whether any fact has been proven by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 3; *United States ex rel. TVA v. Powelson*, 319 U.S. 266, 273-74 (1943); *United States v. 69.1 Acres*, 942 F.2d 290, 292 (4th Cir. 1991).

**Instruction No. 4**

As I told you when the trial began, certain things are not evidence, and I want to list those things for you again. The following statements and utterances made during this trial are not evidence and should not be considered by you:

1.    Statements, arguments, and questions by lawyers. These are not evidence.

2.    Objections to questions are not evidence.

3.    Testimony and exhibits that the court has excluded or told you to disregard are not evidence.

The things I have just listed are not evidence. The evidence in the case consists of the testimony of the witnesses, as we have discussed, and any and all exhibits which have been received into evidence.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 4.

**Instruction No. 5**

Evidence may be direct or circumstantial. Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence. That is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give any evidence.

Any fact that may be proved by direct evidence may be proved by circumstantial evidence; that is, you may draw all reasonable and legitimate inferences and deductions from the evidence.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 5.

## Instruction No. 6

The evidence in the case before you has consisted in part of testimony from witnesses. You may believe all of what a witness said, or only part of it, or none of it. You are the sole judges of the credibility of the witnesses and the weight of the evidence.

You are not bound to decide any issue of fact in accordance with the testimony of witnesses which does not produce in your minds belief in the likelihood of truth. The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witnesses, and which evidence, you believe are the most accurate, and otherwise trustworthy. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if, after considering all the other evidence, you believe that single witness.

In considering the evidence, you are not limited to the bald statements of the witnesses. In other words, you are not limited solely to what you see and hear as the witnesses testify. On the contrary, you are permitted to draw from the facts which you find to have been proven such reasonable inferences as may seem justified in the light of your own experience.

In determining the credibility of any given witness, you should carefully scrutinize all the testimony given, the circumstances under which each witness testified, and every matter in evidence which tends to show whether a witness is worthy of belief. You may consider each witness's intelligence, motive, state of mind, demeanor, and manner while on the stand. You may consider the witness' ability to observe the matters as to which he or she has testified and whether the witness impresses you as having an accurate

recollection of these matters. You may also consider his or her interest in the outcome of the case, and any bias or prejudice, and the extent to which, if any at all, each witness is either supported or contradicted by other evidence in the case. In evaluating credibility, you may call upon your own experience and background in your every day affairs in determining the reliability or unreliability of statements made by others.

In considering the testimony of witnesses, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as the witness remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important factor or with only an unimportant detail.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 6.

**Instruction No. 7**

In determining the credibility of any witness, you also may consider whether a witness has previously made statements that are inconsistent with his or her testimony here in court. It is for you to decide whether a witness made a statement on an earlier occasion and whether it was, in fact, inconsistent with his or her testimony here in court. If a witness at trial has been confronted with a prior statement which that witness made and that was unsworn—that is, not under oath—and that prior statement is inconsistent with his or her testimony here in court, then you may consider the prior statement when you assess the truthfulness of the testimony the witness gave in court.

If the witness made the prior inconsistent statement under oath and subject to cross examination or if it was made at a deposition, then you may also treat the prior statement as evidence in this case. That is, you may treat what was said in that prior sworn testimony as true.

Again, in considering any prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important factor or an unimportant detail.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 7.

## Instruction No. 8

An easement is a legal right to use another person's property for a specific limited purpose, either permanently or temporarily, with the landowner still owning and having rights to the property. Your role in this case is not to decide whether a pipeline is necessary or should or should not be constructed or whether the easements over the landowners' property should or should not be granted. Those decisions have already been made. The sole question for you to decide is the amount of just compensation that Mountain Valley Pipeline owes to the Terrys.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 9; 15 U.S.C. § 717f(h); *Mountain Valley Pipeline, LLC v. Easements*, No. 7:17-cv-492, Dkt. Nos. 339, 340 (W.D. Va. Jan. 31, 2018).

## Instruction No. 9

The Court instructs you that the easements being taken are described in the complaint and the amendments to the complaint that were introduced into evidence. The amendments include and incorporate by reference the pipeline design engineering document that you have seen.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 10; *Mountain Valley Pipeline, LLC v. Easements*, No. 7:17-cv-492, Dkt. Nos. 1 and 1370.

## Instruction No. 10

One of the easements being taken is a permanent easement. The taking of a permanent easement also affects the value of the remainder of the Terrys' property; that is the portion of the property not subject to the permanent easements taken. The method to determine the just compensation for the taking of a permanent easement is to compare the fair market value of the Terrys' property before and after the taking of the property. This is done by subtracting the fair market value of the Terrys' remaining property, after the taking of the easement, from the fair market value of their property immediately before the taking.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 11; *United States v. Banisadr Bldg. Joint Venture*, 65 F.3d 374, 378 (4th Cir. 1995).

**Instruction No. 11**

In determining the fair market value of the Terrys' property before the taking in this case, you should value the entire property, before the taking, without considering any affect which the existence of the Mountain Valley Pipeline project may have had on the value of the property before the taking. You should also value the entire remaining property after the taking, assuming that the Mountain Valley Pipeline project has been completed as of the date of taking, even though the property will be subject to construction of the project for several years after the date of taking.

In addition, when valuing the subject property, you are allowed to, and should consider any evidence which would be considered by any prudent business person or property buyer or seller in valuing the property.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 12.

## Instruction No. 12

In determining the fair market value of the property taken, you may not consider Mountain Valley Pipeline's need for the property, or whether the owners wanted to sell it. Your task is to find what was the fair market value of the tract involved in this trial, as of the time of the taking, uninfluenced in any way by either the necessities of Mountain Valley Pipeline, or the wishes or wants or desires of the owners.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 13.

**Instruction No. 13**

In computing the value of the property, you should presume that Mountain Valley Pipeline will use the rights it acquired to the fullest extent. Accordingly, the measure of just compensation should be based on the rights Mountain Valley Pipeline acquired and not merely upon the rights Mountain Valley Pipeline intends to use.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 14.

**Instruction No. 14**

The date of the taking in this case is March 7, 2018. You are to determine just compensation as of that date.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 15; *Mountain Valley Pipeline, LLC v. Easements*, No. 7:17-cv-492, Dkt. No. 593.

## Instruction No. 15

"Fair market value" means the price in cash, or its equivalent, the property would have brought at the time of taking, considering its highest and most profitable use, if then offered for sale in the open market with a reasonable time allowed to find a purchaser. It is not the value to the individual landowners.

"Fair market value" means the amount a willing buyer would have paid a willing seller in an arms-length transaction with both parties being fully informed concerning all of the advantages and disadvantages of the property, and with neither acting under any compulsion to buy or sell.

In arriving at your determination of fair market value, you should take into account all factors that could fairly be suggested by the seller to increase the price paid, and all counter- arguments which the buyer could fairly make to reduce the price.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 16.

**Instruction No. 16**

For the temporary easements taken by Mountain Valley Pipeline, just

compensation is to be based on the fair market rental value of the land subject to the

temporary easements for the duration of the easements.


*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 17; *United States v. Banisadr Bldg. Joint Venture*, 65 V.3d 374, 378 (4th Cir. 1995).

**Instruction No. 17**

As I have instructed you, the measure of just compensation for permanent easements is the difference in market value immediately before and immediately after the take, and the measure of just compensation for temporary easements is the rental value of the property for the time of the temporary easements. Those are the only two measures of damages in this case. You are not to award just compensation for anything else. In particular, you are not to award damages for any annoyance or inconvenience resulting from the construction or the work. Nor are the property owners entitled to recover for impacts from construction that occur off the right of way. If, and to the extent that, the Terrys suffered any damages from the impacts of construction off the right of way, their remedy would be in a separate case and not this case.

Also, in calculating your award, you are not to include the Terrys' expenses in connection with this litigation; nor are you allowed to include interest on the award.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 18; Mem. Op. and Order, Dkt. No. 31 at 15; *Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, 2021 WL 1207749, at *9 (W.D. Va. Mar. 31, 2021); *Mountain Valley Pipeline, LLC v. 9.89 Acres (E. Terry)*, 2021 WL 1217350, at *4 (W.D. Va. Mar. 31, 2021); *Mountain Valley Pipeline, LLC v. 1.40 Acres (Rives)*, No. 7:19-cv-0160, Dkt. No. 22 at 12-13 (W.D. Va. Mar. 31, 2021); *Atlantic Coast Pipeline, LLC v. 0.07 Acre*, 396 F. Supp. 3d 628, 644-45 (W.D. Va. 2019); *State Highway & Transp. Comm'r v. Lanier Farm, Inc.*, 357 S.E.2d 531, 534 (Va. 1987); *Virginia Elec. & Power Co. v. Farrar*, 135 S.E.2d 807, 811 (Va. 1964); *Ryan v. Davis*, 109 S.E.2d 409, 413 n.1 (Va. 1959).

**Instruction No. 18**

You viewed a portion of the Terrys' property and an example of reclaimed land not belonging to the Terrys. One of the objects of the view was that you might acquire information as to the physical conditions and characteristics of the property from your view of it. Another purpose of the view was that by putting you in possession of such information as would come to you through seeing, you would be thereby better enabled to weigh, consider, and apply the testimony that would be introduced in this case. In weighing the evidence presented, you may consider the facts you acquired from your view of the property, but the view may not be considered by you as the only evidence in the case. Your award must bear a reasonable relationship to all of the evidence presented.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 19.

**Instruction No. 19**

In a few moments, I will finish these instructions and then the attorneys will have the opportunity to present their closing arguments. Then, it will be time for you to retire to the jury room to begin your deliberations. I will instruct you after closing arguments as to how you should conduct those deliberations. For now, I would ask each of you to give your attention to the attorneys as they give their closing arguments. After the closing arguments, we will give you one official verdict form before you begin your deliberations.

I have given you your instructions as to the law, and we are ready for the closing arguments.

As I have instructed you, this is a civil action and the burden is on the Terrys, the Landowners, to prove the case by a preponderance of the evidence, by the greater weight of the evidence.

Since the burden of proof is on the Terrys, they will have the right to open and close the arguments. So, you will first listen to counsel for the Terrys, then you will listen to counsel for Mountain Valley Pipeline, and then since the burden of proof is on the Landowners, the Terrys will have the right to present the final closing argument.

As I told you at the very beginning of this trial and again in instructing you on the law, neither the opening statements nor the closing arguments are evidence in the case, and must not be considered by you as such. The closing arguments will be made now to assist you in evaluating the evidence and applying the law.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 20.

## Instruction No. 20

You have now heard closing arguments and you will soon return to the jury room to deliberate. There are certain rules you must follow in conducting your deliberations and in returning your verdict.

First, when you go to the jury room, you will select one person to act as your foreperson. The foreperson will preside over your discussions and will be your spokesperson here in court.

Second, it is your duty as jurors to discuss this case with one another in the jury room.

You should try to reach agreement without sacrificing your individual judgment, because a verdict must be unanimous. Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should.

But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the court security officer, signed by one or more jurors. I will always first disclose to the attorneys your question and my response before I answer your question. I will respond as soon as possible either in writing or by having you return to the courtroom so that I can address you personally. You should not tell anyone–including

me or the court security officer–how your vote stands numerically, and any notes should not indicate how your vote stands numerically.

Fourth, during your deliberations, you must not communicate with anyone else outside of the jury about the case. You must not use any electronic device, including cell phones, the Internet, a blog, website, other method to communicate about the case or conduct any research.

Fifth, your verdict must be based solely on the evidence and on the law which I have given you in my instructions. The verdict must be unanimous, you must all agree. You may not arrive at your award by averaging each of your individual opinions of value. Nothing I have said or done is intended to suggest what your verdict should be – that is entirely for you to decide. I will provide a flash drive to you in the jury room with all of the exhibits and these instructions. I will also provide a list of exhibits.

Finally, a verdict form has been prepared for your response, as you will see. A verdict form is simply a written notice of a decision that you reach in this case. [Explain form]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the court security officer that you are ready to return to the courtroom. I tell you that in answering the question on the verdict form, it is necessary that each of you agree as to the response. Your verdict as to the amount of just compensation must be unanimous.

Once again, when you enter your jury room, your first responsibility will be to elect a foreperson. You will then begin your deliberations. Once you begin your deliberations, you should not have contact with any person other than the court security officer.

If you recess during your deliberations, follow all of the instructions that the court has given you about your conduct during the trial.

I will now ask the court security officer now to please deliver the official verdict form to the jury. Now, let me speak with counsel very briefly before we send the jury to deliberate.

*Mountain Valley Pipeline, LLC v. 4.31 Acres (Chandler)*, No. 7:19-cv-679, Dkt. No. 107, Instruction No. 21.

IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 7:20-cv-134 |
| | ) | |
| 8.37 ACRES OF LAND, OWNED BY | ) | |
|  FRANK H. TERRY, JR., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>JURY VERDICT</u>

We, the jury, find from a preponderance of the evidence as follows:

Just compensation owed by Mountain Valley Pipeline, LLC for its condemnation

of easements on the property known as 8.37 acres of land, owned by Frank H. Terry, Jr.,

et al., and being MVP Parcel No. VA-RO-046, in Bent Mountain, Roanoke County,

Virginia, is:

_____

SO SAY WE ALL.

_____

Foreperson Sign

_____

Foreperson Print Name

DATED: _____