IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MOUNTAIN VALLEY PIPELINE, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 7:20-cv-134 |
| 8.37 ACRES OF LAND, OWNED BY FRANK H. TERRY, JR., et al., | ) By: Elizabeth K. Dillon |
| | ) United States District Judge |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Mountain Valley Pipeline (MVP) is constructing an interstate natural gas pipeline. MVP commenced a condemnation action under the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, to acquire a permanent easement and temporary easements on numerous properties, including this property located in Roanoke County and owned by Frank Terry, John Coles Terry, and Elizabeth Terry (Landowners). On March 7, 2018, the court entered an order in the primary condemnation case, *Mountain Valley Pipeline LLC v. Easements to Construct*, Case No. 7:17-cv-492 (W.D. Va.) (Dkt. No. 593), granting MVP immediate possession of the easement on this property. The trial of this matter is scheduled to begin on March 14, 2022.

Before the court is MVP's second omnibus motion in limine. This motion will be granted in all respects.

I.  BACKGROUND

MVP has condemned easements on the property owned by defendants, identified as MVP No. VA-RO-046. On October 13, 2017, the Federal Energy Regulatory Commission (FERC) issued an order for MVP to construct, maintain, and operate a natural gas pipeline along a route that includes the Property (the Approved Route). On October 24, 2017, MVP filed an action to condemn easements along the Approved Route on the Property (Easements) under Section 7 of the

Natural Gas Act, 15 U.S.C. § 717f.  On October 27, 2017, MVP moved for partial summary judgment that it is authorized to condemn the Easements and a preliminary injunction granting immediate possession for construction.  On January 31, 2018, the court issued a memorandum opinion and order granting MVP's motion for partial summary judgment and conditionally granting MVP's motion for immediate possession upon a determination of appropriate security.  On March 7, 2018, the court set deposits and bonds for the Property and granted MVP immediate possession of the Easements effective upon making the required deposit and posting the required bond.

The subject property includes 560 acres on Poor Mountain Road in Roanoke County, Virginia.  The property is improved with a two-story farmhouse, a rental dwelling, garage, storage sheds, and an efficiency.  The property is accessed by a private driveway.

The court has already made a series of evidentiary rulings in this matter.  (Dkt. Nos. 31, 37, 45.)  Those rulings remain in effect for the upcoming trial.  The first trial of this case ended in a mistrial following Landowners' opening statement.  (Dkt. No. 68.)

## II.  DISCUSSION

### A. MVP's Motion in Limine

#### 1. Evidence and argument of the appraisal prepared to estimate security

The court has previously excluded testimony from Dennis Gruelle about the appraisal prepared by Jared Schweitzer to estimate security because the appraisal is hearsay and not a party admission.  *MVP v. 8.37 Acres (Frank Terry I)*, No. 7:20-cv-134, 2020 WL 4810128, at *8 (W.D. Va. Aug. 18, 2020).   The court reserved ruling on whether the appraisal can be used to impeach Schweitzer.  Then, on August 26, 2020, the court ruled that defendant Frank Terry cannot give testimony on value that is based on the appraisal for security.  *MVP v. 8.37 Acres (Frank Terry II)*, No. 7:20-cv-134, 2020 WL 5526504, at *3 (W.D. Va. Aug. 26, 2020).

During the first trial of this case, Landowners stated that they intended to call Schweitzer, but counsel agreed not to inform the jury who hired Schweitzer.  In his opening statement, counsel told the jury that Schweitzer's appraisal found 30% damages and that the Landowners did not hire Schweitzer.  Landowners argued an artificial distinction that counsel did not directly say that MVP employed Schweitzer.  The court found the statements prejudicial and found that a curative instruction would be inadequate, so the court granted a mistrial.

MVP now asks the court to enter an order that Landowners not disclose, directly or indirectly, that MVP hired Schweitzer to perform the appraisal, and not to disclose, directly or indirectly, that Landowners did not hire Schweitzer.

Landowners maintain that the jury "must know the truth" about the circumstances leading to the change in valuation by Schweitzer (between the security appraisal and the second appraisal) and that both of his reports will end up as testimonial evidence at trial.  Landowners further argue that the court "reserved ruling" on whether the parties could reveal who commissioned the appraisal prepared to estimate security.  This is wrong.  Rather, the court had only reserved the issue of use of the security appraisal for impeachment.  In granting a mistrial, the court expressly found that the statement that the Landowners did not hire Schweitzer was unfairly prejudicial and that a curative instruction would be inadequate – especially given the 30% diminution disclosure.  Therefore, the court will grant this motion.

2. **Evidence and argument involving the Pipeline marker**

In its August 26, 2020 order, the court stated that it would reserve ruling on evidence of the contents of the pipeline markers until trial.  *Frank Terry II*, 2020 WL 5526504, at *4.  Before jury selection, the court ruled that defendants could show the jury a photograph of a pipeline marker, which states in bold "WARNING GAS PIPELINE" and "BEFORE EXCAVATING OR IN AN

EMERGENCY CALL TOLL FREE." (Dkt. No. 69 at 17.) The court cautioned the parties, "we're not going to hear testimony . . . or speculation with regard to what does 'in case of emergency' mean." (*Id.*)

In opening statement, Landowners' counsel stated that a pipeline is "incompatible with rural residential uses," while pointing at the photograph of the marker. (Dkt. No. 69 at 50–51.) Counsel also stated that the pipeline "deters premium rural residential buyers." (*Id.* at 54.) MVP argues that defendant should be ordered not to make any argument or present evidence that directly or indirectly raises fear and stigma or suggests that buyers do not want to live near a pipeline.

Landowners object to this motion as "unnecessary censorship of word choice." They state that there is no basis for MVP's assertion that Landowners' counsel's statements were "an attempt to evade the court's earlier rulings and to introduce the concepts of fear and stigma to the jury." (Dkt. No. 75 at 4.)

This motion will be granted based on the court's prior rulings that exclude evidence of fear and stigma, claims that buyers would not purchase the property because of the pipeline, and claims that the pipeline is dangerous or unsafe. *Frank Terry I*, 2020 WL 4810128, at *7. While Landowners may still refer to the language of the pipeline marker, they may not do so in connection with the excluded evidence.

### 3. Evidence that the Pipeline easement on the John Coles Terry property crosses the access road

The court reserved ruling on whether evidence of alleged damages to the access road is admissible. None of the appraisals raise the issue of the Landowners' property being damaged by the pipeline easement crossing the access road on John Coles Terry's other property. MVP argues that evidence that the pipeline crosses the access road is irrelevant and presents a danger of unfair prejudice.

4

Landowners argue that all valuation witnesses considered the easement, which is the sole access point to a state road, when valuing the property before and after condemnation. They contend that Schweitzer, in his second appraisal prepared for trial, includes the deeded access road no less than eight times in his appraisal including to value the gravel of the driveway itself. They further contend that Gruelle considers the impact of the pipeline easement across the access road after condemnation.

However, as MVP clarifies, there is not, in fact, a deed granting or reserving this easement in the record. Schweitzer mentions the access road, but mere mentions of the road are not evidence of damage. Landowners rely on Gruelle's statement in his second report that the "opportunity to timber" the property is "limited." (Dkt. No. 76 at 2; Dkt. No. 12-2 at 29 of 34.) Landowners cite Gruelle's second report, which has been excluded, but the same statement is in his first report. This statement, however, is speculative because there are no details about specifications for vehicles crossing the pipeline on the John Coles Terry property, and, in any event, Gruelle does not connect the alleged limitation on timbering to an actual diminution in the market value of the property. Instead, Gruelle finds that the property is damaged because it can no longer be used as a wind farm. (Dkt. No. 12-2 at 29.) Lacking any nexus to diminution in value, the court will grant MVP's motion to exclude evidence of damages to the access road.

4. Personal attacks on MVP

Landowners' counsel, in opening, pointed at MVP's counsel and stated, "I'm going to tell you . . . things some people don't want me to tell you." (Dkt. No. 69 at 24.) MVP argues that this is an improper personal attack. Landowners agree to "nix" this statement. The court will dismiss this motion as moot but expects all counsel to refrain from personal attacks.

**5. Evidence and argument of value to me**

In his opening statement, Landowners' counsel told the jury that defendants had "worked their entire lives" to maintain the property and had avoided "any financial duress or real estate speculation that would cause them the need to sell the property." (Dkt. No. 69 at 45–46.) Because the "value to me" standard is not tied to market value, it will be excluded.

Landowners will be allowed to testify to their uses of the property and its history, but any testimony regarding "value to me" or their desire not to sell the property, or not to develop it, is irrelevant and will be excluded.

## III. CONCLUSION

For the reasons stated herein, MVP's second motion in limine (Dkt. No. 75) is DISMISSED AS MOOT with regard to part four of the motion and GRANTED in all other respects.

Entered: March 8, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge